IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NANCY LEE HUNTER,                          6:12-CV-00630-BR

            Plaintiff,                     OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

            Defendant.


KATHRYN TASSINARI
MARK A. MANNING
Harder, Wells, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

            Attorneys for Plaintiff

_____

        [1] Carolyn W. Colvin became the Acting Commissioner of Social
Security on February 14, 2013.  Pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this case.  No
further action need be taken to continue this case by reason of
the last sentence of section 205(g) of the Social Security Act,
42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**DAVID J. BURDETT**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2522

        Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Nancy Lee Hunter seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has juris-diction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her applications for SSI and DIB on July 30, 2008, and alleged a disability onset date of May 12, 2007.  Tr. 162, 167.[2]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on July 6, 2010.  Tr. 31-76.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on July 20, 2010, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 9-28.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on February 9, 2012, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on August 22, 1949.  Tr. 77.  Plaintiff was 60 years old at the time of the hearing.  Plaintiff has an Associates Degree.  Tr. 39.  Plaintiff has past relevant work experience as a bartender and receptionist.  Tr. 68.

Plaintiff alleges disability due to "bad knees," depression, back pain, and shoulder pain.  Tr. 199.

---

[2]  Citations to the official transcript of record filed by the Commissioner on September 13, 2012, are referred to as "Tr."

3 - OPINION AND ORDER

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 14-17.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner
determines the claimant is engaged in substantial gainful
activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See*

5 - OPINION AND ORDER

*also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require

6 - OPINION AND ORDER

complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her May 12, 2007, alleged

7 - OPINION AND ORDER

onset date.  Tr. 14.

At Step Two the ALJ found Plaintiff has the severe impairments of "status post-bilateral knee replacement," degenerative disc disease of the lumbar spine, and bilateral shoulder osteoarthritis.  Tr. 14.  The ALJ found Plaintiff's depression is not a severe impairment.  Tr. 352.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 18.  The ALJ found Plaintiff can perform "less than the full range of light work.  Tr. 19.  The ALJ found Plaintiff can lift ten to fifteen pounds, can stand and/or walk two hours in an eight-hour work day, can frequently reach overhead with both arms, and has an unrestricted ability to sit. Tr. 19.  The ALJ found Plaintiff can occasionally climb ramps and stairs, kneel, crouch, and crawl.  Tr. 19.  The ALJ found Plaintiff should not walk on uneven ground.  Tr. 19.

At Step Four the ALJ concluded Plaintiff can perform her past relevant work as a receptionist.  Tr. 22.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.


## **DISCUSSION**

Plaintiff contends the ALJ erred when he (1) failed to find at Step Two that Plaintiff's depression was not severe;

8 - OPINION AND ORDER

(2) improperly rejected Plaintiff's testimony; (3) improperly rejected the opinion of John Ahlen, M.D., treating physician; and (4) found at Step Four that Plaintiff could perform her past relevant work as a receptionist.

**I.   The ALJ erred at Step Two.**

Plaintiff contends the ALJ erred at Step Two when he concluded Plaintiff's depression is not a severe impairment. *See* Tr. 19-20.

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.920(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.921(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.921(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not
> severe only if it is a slight abnormality
> which has such a minimal effect on the
> individual that it would not be expected to
> interfere with the individual's ability to
> work . . . . [T]he severity regulation is to
> do no more than allow the Secretary to deny
> benefits summarily to those applicants with
> impairments of a minimal nature which could
> never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

The Ninth Circuit describes Step Two as a "*de minimis* screening

device to dispose of groundless claims." *Smolen*, 80 F.3d at

1290. *See also Webb v. Barnhart*, 433 F.3d 683, 686-88 (9th Cir.

2005). "Great care should be exercised in applying the not

severe impairment concept." SSR 85-28, at *4.

The ALJ found Plaintiff's depression did not cause more than

mild limitations in Plaintiff's functioning. The ALJ relied on

the October 28, 2008, opinion of examining psychologist William

Trueblood, P.C. Dr. Trueblood noted during his examination that

Plaintiff was "tearful several times and appeared to be

depressed." Tr. 368. Dr. Trueblood opined Plaintiff "likely

experienced a Major Depressive Episode beginning in about May

2008 and she has had some improvement in the past few months."

Tr. 368. Dr. Trueblood noted Plaintiff's "history reflects

probable recurrent Major Depressive Episodes," and "diagnostic

considerations are a Major Depressive Episode in partial

remission verses Dysthymia." Tr. 368. Dr. Trueblood also noted

10 - OPINION AND ORDER

he did not "believe [Plaintiff] malingered on this evaluation.
Her cognitive screening results do not include characteristics
that are suggestive of malingering.  Also, she did not appear to
be attempting to overstate her psychological problems or
distress."  Tr. 369.  The ALJ concluded there was not anything in
Dr. Trueblood's opinion that would preclude Plaintiff from
"performing unskilled work."  Tr. 17.

Plaintiff points out, however, the record is replete with
reports by various treating and examining physicians noting
symptoms of Plaintiff's depression that interfere with her
abilities including tearfulness, difficulty focusing, emotional
lability, extremely emotional behavior, and being "barely
tangential."  Tr. 277-79, 282, 321, 381, 395, 398, 518, 526-27.
On July 30, 2010, Plaintiff was seen by Dr. Ahlen, who described
Plaintiff as being in "acute emotional distress crying and
sobbing in the office.  She is unable to be consoled."  Tr. 514.
On June 12, 2009, Janice Monroe, F.N.P., noted Plaintiff was "an
emotional wreck," was unable to stop crying, and was very
depressed.  Tr. 528.  On August 12, 2009, Monroe reported even
though Plaintiff's depression had improved somewhat with the use
of Cymbalta, "[i]t is difficult to keep [her] on tract [*sic*] to
take care of one problem at a time.  She jumps from one subject
to another.  She is cheerful and then angry.  She is very
volatile.  She seems to have no joy, whatsoever, in life."

11 - OPINION AND ORDER

Tr. 526.  On January 22, 2010, Plaintiff advised Chelsea Sloanes, P.A., that Cymbalta was not helping her depression "as much as it should."  Tr. 383.  On February 5, 2010, Dr. Ahlen noted Plaintiff was "emotionally very labile . . . [and] cries frequently."  Tr. 381.  Plaintiff asked Dr. Ahlen for a different antidepressant.  Tr. 381.

The Court concludes on this record that the ALJ erred when he found Plaintiff's depression to be nonsevere because he did not provide legally sufficient reasons supported by substantial evidence on the record for doing so.

## II. Plaintiff's testimony.

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but he concluded Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms are not credible "to the extent they are inconsistent with the [RFC]."  Tr. 19.  Some of the ALJ's bases for discrediting Plaintiff's subjective symptom testimony would be undermined, however, if the ALJ had found Plaintiff has the severe impairment of depression.

Accordingly, the Court concludes the ALJ could reach different a conclusion as to Plaintiff's RFC and ability to

perform past relevant work if he determined at Step Two that Plaintiff suffers from depression.

**III. The opinion of Plaintiff's treating physician.**

Plaintiff contends the ALJ erred when he rejected the June 22, 2010, opinion of Dr. Ahlen, Plaintiff's treating physician.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007)(quoting *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007)). When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Lester*, 81 F.3d at 830-32.

Dr. Ahlen opined, among other things, that Plaintiff suffered from moderately severe depression that, when combined with Plaintiff's other impairments, would result in Plaintiff missing more than two days of work per month. Tr. 461, 463. The ALJ gave "no weight" to Dr. Ahlen's opinion. Tr. 22. When he rejected that portion of Dr. Ahlen's opinion related to Plaintiff's depression, the ALJ relied on the fact that Dr. Ahlen based his opinion "primarily on [Plaintiff's]

13 - OPINION AND ORDER

subjective complaints" and Plaintiff's reports of her activities of daily living.  Tr. 22.  The ALJ's conclusion, however, may be different if he determines Plaintiff's depression is a severe impairment.

Accordingly, the Court concludes the ALJ could reach different conclusions regarding the weight to be assigned to Dr. Ahlen's June 22, 2010, opinion if the ALJ were to find at Step Two that Plaintiff suffers from the severe impairment of depression.

**IV.  The ALJ's conclusion at Step Four.**

Plaintiff contends the ALJ erred when he found Plaintiff could perform her past relevant work as a receptionist.  Having found the ALJ made reversible error at Step Two that could affect his assessment of Plaintiff's RFC, the Court concludes the ALJ's error at Step Two may also alter his findings at Step Four.


<u>**REMAND**</u>

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would

14 - OPINION AND ORDER

serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

On this record the Court concludes further proceedings are necessary.  It is not clear on this record whether the ALJ would have found Plaintiff can perform her past relevant work or could perform other work that exists in significant numbers in the national economy if he had determined Plaintiff suffers from the additional severe impairment of depression at Step Two and included that impairment in his evaluation of Plaintiff's RFC.

Based on the foregoing, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ (1) to determine whether Plaintiff has the additional medically determinable impairment of depression

15 - OPINION AND ORDER

and, if so, whether that impairment would result in additional limitations in Plaintiff's RFC; (2) to reconsider Plaintiff's credibility with respect to her subjective descriptions of the intensity, persistence, and limiting effects of her impairments in light of any additional severe impairment the ALJ may conclude is medically determinable; (3) to reexamine Dr. Ahlen's opinion in light of any additional severe impairment such as depression that the ALJ may conclude is medically determinable; and (4) to reconsider whether any new findings that the ALJ may make at Step Two affect his determination as to whether Plaintiff can return to her past relevant work or is capable of performing other work that exists in significant numbers in the national economy.

## <u>CONCLUSION</u>

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 31st day of May, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


16 – OPINION AND ORDER